IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| VALERIE COWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-cv-3205 |
| | ) | |
| CHOICE HOTELS INTERNATIONAL SERVICE CORPORATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court is Defendant Choice Hotels International Service Corporation's Motion for Reconsideration (d/e 45), Plaintiff Valerie Cowen's Memorandum in Opposition (d/e 47), and Defendant's Reply (d/e 48). Because Defendant is not entitled to summary judgment on either of the grounds raised, Defendant's Motion for Reconsideration (d/e 45) is DENIED.

## I.     BACKGROUND

On September 24, 2021, Plaintiff filed a two-count Complaint with this Court against Defendant. See d/e 1. Plaintiff alleged in

Count I that Defendant violated her rights under Title VII of the Civil Rights Act of 1964 by discriminating against her on the basis of her gender. See d/e 1. Plaintiff alleged in Count II that Defendant misclassified her as an independent contractor, depriving her of benefits under the Unemployment Insurance Act ("Unemployment Act"), 820 ILCS 405/212, and the Illinois Wage Payment and Collection Act ("Wage Act"), 820 ILCS 115/2. See d/e 1.

On August 20, 2024, Plaintiff filed a one-count Amended Complaint with this Court, alleging that Defendant misclassified her as an independent contractor, depriving her of benefits under the Unemployment Act, 820 ILCS 405/212, and the Wage Act, 820 ILCS 115/2. See d/e 37. On January 15, 2025, the parties filed a Joint Status Report and Mutual Renewed Requests for Summary Judgment requesting that this Court revisit the parties' previously filed cross motions for summary judgment on Count II. See d/e 43 (referencing d/e 19, 20, 22, 24, 26, 29, 33, 34).

On April 4, 2025, this Court entered an Opinion and Order (d/e 44) granting Plaintiff's Motion for Partial Summary Judgment (d/e 19) as to Plaintiff's status as an employee of Defendant under

§ 212 of the Unemployment Act, 820 ILCS 405/212, and § 2 of the Wage Act, 820 ILCS 115/2 and denying Defendant's Motion for Summary Judgment (d/e 22).

On May 2, 2025, Defendant filed a Motion for Reconsideration (d/e 45). On May 30, 2025, Plaintiff filed a Memorandum in Opposition (d/e 47), to which Defendant filed a Reply (d/e 48) on June 6, 2025.

## II.   ANALYSIS

### A. Defendant is not entitled to summary judgment due to Plaintiff's failure to exhaust the required administrative process on her Unemployment Act claim.

Defendant argues that because Plaintiff did not introduce any Illinois Department of Employment Security ("Department") "filing by Plaintiff, let alone a determination made by" the Department's Board of Review as to her benefits eligibility, Plaintiff "fails to allege or establish she exhausted the [Department's] administrative process before seeking review by this Court" such that "summary judgment in Defendant's favor is appropriate[.]" d/e 45, pp. 2, 4. Defendant cites to the Unemployment Act provision stating that judicial review of Department Board of Review benefits decisions

"shall be permitted only after any party claiming to be aggrieved thereby has exhausted his administrative remedies as provided by this Act." 820 ILCS 405/1100; see also d/e 45, pp. 4-5.

Defendant also cites to Angelo v. Board of Review, Department of Labor, 58 Ill. App. 3d 50 (1978), in which the Illinois Fourth District Court of Appeals found the plaintiffs "failed to take timely appeal from the orders of the claims adjudicator and the referee, respectively, ruling that they were not entitled to benefits." Id. at 51; see also d/e 45, p. 5. Defendant asserts that Plaintiff does not "provide a legitimate basis" for her failure to exhaust the administrative process or any caselaw allowing "her to file a substantive claim seeking unemployment benefits in court without first having engaged in the statutorily required [Department] processing of her claims." Id.

Pursuant to the Illinois Administrative Code, "an initial claim for unemployment insurance benefits may be filed in person at any local office or over the telephone or on the internet at the Department's website." Ill. Admin. Code tit. 56, § 2720.100(b).

Plaintiff alleged material facts, which Defendant does not dispute, that she attempted to apply for unemployment benefits:

> Several days after April 21, 2020, Cowen attempted to make [an] application for unemployment benefits with the [Department] … Because of the pandemic, the local office of the Department was closed. Cowen attempted to apply for unemployment benefits electronically on the Department's website. In that process she was able to complete the first screen of the application. However, the second screen listed her employer as Lincoln Land Community College, not Choice Hotels [¶23 Cowen Affidavit]. Cowen could not get beyond the second screen to complete the application since her employer was Choice Hotels, not Lincoln Land Community College. She attempted to reach out to the Department telephonically on a number of occasions for guidance. Each time she left a voicemail. Her calls were never returned [¶24 Cowen Affidavit]. Prior to accepting employment with the Chatham School District, Cowen made a number of efforts to complete the application for unemployment benefits. Because she could not complete the form electronically and none of her calls were returned, she was unsuccessful [¶25 Cowen Affidavit].

d/e 26, pp. 11-12; d/e 34, p. 9.

Plaintiff argues that Defendant's name, Choice Hotels, "did not appear on the application screen [] because [Defendant] failed to do what was required of it." d/e 47, p. 4. Plaintiff points to Defendant's acknowledgment that it "did not and would not have made any quarterly unemployment insurance contributions for someone who

was not its employee," see id. at p. 5 (quoting d/e 34, p. 13), and to the Illinois Administrative Code provision requiring employers to report their employees' names and wages to the Department pursuant to the Unemployment Act. See Ill. Admin. Code tit. 56, § 2760.125.

The Court finds that Plaintiff "exhausted [her] administrative remedies as provided by" the Unemployment Act to the extent that the provided avenues allowed her. 820 ILCS 405/1100. Based on the undisputed facts, the parties agree that pandemic closures precluded Plaintiff from filing "an initial claim for unemployment insurance benefits…in person at any local [Department] office[.]" See d/e 26, p. 12; d/e 34, p. 9; see also Ill. Admin. Code tit. 56, § 2720.100(b). Plaintiff tried to file "over the telephone," but the parties agree her calls were never returned. Id. Plaintiff tried to file "on the internet at the Department's website," but the application's "second screen listed her employer as Lincoln Land Community College, not [Defendant] Choice Hotels." Id.

In Angelo, the claims adjudicator and referee were able to issue orders that the plaintiffs were not entitled to benefits, such

that the plaintiffs must have successfully filed claims—something that Plaintiff was unable to do. See Angelo v. Bd. of Rev., Dep't of Lab., 58 Ill. App. 3d 50 (1978); see also d/e 26, pp. 11-12; d/e 34, p. 9. The Illinois Administrative Code does not require claimants to compel Department offices to open, Department employees to answer the phone, or Department online systems to run smoothly— especially during an unprecedented pandemic.

Defendant cites to the statutory remedies offered under the Unemployment Act, but they do not cut in favor of Defendant. While the Unemployment Act may not provide jury trials, this Court is capable of calculating benefits based on the evidence provided by the parties. As to damages, both parties can argue how to weigh the portion of unemployment benefits typically paid by the State.

The Court declines to penalize Plaintiff for the administrative consequences of the pandemic and of Defendant's own actions. Therefore, Defendant's Motion for Reconsideration (d/e 45) on the grounds that Plaintiff failed to exhaust all administrative remedies with the Department is DENIED.

### B. Defendant is not entitled to summary judgment based on Plaintiff's requested relief under her Wage Act claim.

Defendant then argues that Plaintiff "failed to show Defendant owed her the items she sought under the Wage Act" or "manifested any assent to provide the identified retirement, benefits, health insurance benefits, vacation pay, and expense reimbursements to Plaintiff, who Defendant considered an independent contractor." d/e 45, pp. 6-7.

Pursuant to the Illinois Administrative Code provisions promulgating the Wage Act:

> "Agreement" means the manifestation of mutual assent on the part of two or more persons. An agreement is broader than a contract and an exchange of promises or an exchange is not required for an agreement to be in effect. An agreement may be reached by the parties without the formalities and accompanying legal protections of a contract and may be manifested by words or by any other conduct, such as past practice. Company policies and policies in a handbook create an agreement even when the handbook or policy contains a general disclaimer such as a provision disclaiming the handbook from being an employment contract, a guarantee of employment, or an enforceable contract.

Ill. Admin. Code tit. 56, § 300.450.

Defendant acknowledges that it maintained a "Retirement Saving & Investment Plan" that "specifically excludes individuals

such as [Plaintiff] who have executed a contract with [Defendant] acknowledging their status as an independent contractor." See d/e 22, p. 22; see also d/e 22-27, p. 2. Defendant also acknowledges that it maintained an "Employment Termination Policy" noting that "[a]ny monies owed for time worked and/or available unused vacation leave will be paid out as determined by state law. Available unused sick leave and unused personal time is not paid out, unless otherwise mandated by state law." See d/e 22, p. 7; see also d/e 22-16, pp. 2-4.

As the Court noted in its prior Opinion and Order, under the Unemployment Act, "the designation or description which the parties apply to their relationship is not controlling." d/e 44, p. 20 (quoting Ill. Admin. Code tit. 56, § 2732.200(b) (2013)). This Court determined in its prior order that Plaintiff was an employee of Defendant. See d/e 44, p. 36. That Defendant did not contract with Plaintiff by name and provide her the applicable benefits under its policies does not change the fact that Defendant was bound to its obligations under those policies to provide its employees with retirement benefits and vacation pay. Damages calculations as to

the amount and extent of those benefits are questions of fact to be determined at trial.

Defendant also alleges Plaintiff did not provide any evidence that Defendant owed Plaintiff health insurance benefits and expense reimbursements. See d/e 45, p. 7. Illinois courts have found benefits related to health insurance to be subject to the Wage Act, but Plaintiff does not cite to any evidence in the record of an applicable agreement as required under the Wage Act. See d/e 47, pp. 5-9; see also Maas v. Bd. of Educ. of Peoria Pub. Sch. Dist. 150, 2024 IL App (4th) 231064-U, ¶ 24,

While Plaintiff may not ultimately prove that she is owed damages on some of the employment benefits she seeks, whether from a lack of an agreement or other applicable policy, that does not merit summary judgment on her Wage Act claims as a whole when the parties agree that Defendant maintained written policies on providing Defendant's employees with retirement benefits and vacation pay. Therefore, Defendant's Motion for Reconsideration (d/e 45) on the grounds of Plaintiff's requested relief under the Wage Act is DENIED.

### III. CONCLUSION

Because Defendant is not entitled to summary judgment on Plaintiff's failure to exhaust the required administrative process under the Unemployment Act nor on Plaintiff's requested relief under the Wage Act, Defendant's Motion for Reconsideration (d/e 45) is DENIED.

**IT IS SO ORDERED.**
**ENTERED: October 9, 2025.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**